Johh J. Walsh, J.
This is an appeal from a final order of the City Court of Utica, New York (Hon. Matthew S. Ogonowbki, City Judge) dismissing a petition to evict a hold-over tenant upon the grounds that the City Court is without jurisdiction to entertain these proceedings. The proceeding was commenced by service of a precept and petition upon the tenant on August 20,1962.
On July 11, 1962, by notice, Mayro Properties (hereinafter referred to as £< landlord ”) notified Samuel Morgenroth (hereinafter referred to as ££ tenant ”) of necessary repairs to correct certain alleged defective electrical installations which it is claimed the City of Utica Department of Public Safety deemed a serious fire hazard, and to repair the roof and boiler within a 20-day period as provided by the lease. On August 13, 1962, the landlord duly served upon the tenant by registered mail a notice terminating the leasehold as of August 17, 1962. The tenant has failed to quit the premises, and the landlord contends that the tenant is unlawfully holding over after termination of his lease.
*165 The crucial issue presented on this appeal is whether or not the lease clause in accordance with which the lease has been declared terminated by the landlord is a conditional limitation or a breach of condition. Both parties admit that if such clause is a breach of condition, the landlord must bring an action in ejectment and the final order of the City Court must be affirmed on this appeal, but if it is a conditional limitation as the landlord contends, summary proceedings to evict the tenant is proper and the final order of the City Court must be reversed.
The clause of the lease under which the landlord claims the tenancy has been terminated reads as follows: “ 14(c) (ii) If the tenant shall default in the performance of any of the other terms, covenants or conditions of this lease, and such default shall not have been remedied within twenty (20) days after written notice by the Landlord to the Tenant specifying such default and requiring it to be remedied; * * * the Landlord, at its election, may terminate this lease upon written notice to the Tenant to such effect, and the Tenant will quit and surrender the leased premises on the date of such termination, but the Tenant shall remain liable as hereinafter provided; provided, however, that there shall be no termination of this lease under the provisions of subdivision (ii) of this sub-paragraph if the Tenant is in good faith attempting to remedy the default complained of and, in the exercise of due diligence by the Tenant, such default cannot be remedied by the Tenant within the 20 days referred to in such subdivision. In the event of the foregoing circumstances the time within which the Tenant may remedy the default complained of, shall be extended for such period as may be reasonably necessary to do so.”
Section 1410 of the Civil Practice Act specifies several grounds upon which summary proceedings may be maintained, including holding over after the expiration of a term, holding over after the nonpayment of rent or taxes, unlawful use of leased premises and the presence of objectionable tenants. While landlord in its petition does not specify the precise paragraph of section 1410 upon which it relies, it is clear from the allegations of the petition that it bases its right to maintain these summary proceedings on the ground that tenant is holding over after the expiration of his term.
It is often difficult to differentiate between a condition and a conditional limitation and the instant appeal presents just such a problem. As might be expected, the cases abound in subtle distinction between conditions subsequent and conditional limitations.
*166 “ If a clause provides that a lease shall terminate upon the occurrence of an event only at the option of the landlord, then the clause is a condition. If, however, a clause clearly provides that upon the occurrence of an event the lease shall expire as if the lease by its terms had been limited to that time, then the clause is a conditional limitation. It is immaterial whether the event is in an objective contingency, or an event set in motion by the landlord, or an event which depends upon the volition of the landlord. A conditional limitation must have the effect of definitely fixing an earlier date for the expiration of the lease other than the original term prescribed by the lease. While the lease may grant a landlord an option as to whether he will avail himself of the conditional limitation, it must be clearly provided that once he exercises this option the lease will then come to an end at the earlier date fixed by the happening of the stipulated contingency, or the lapse of the period of time fixed by the landlord’s notice, as the lease may prescribe. Whereas the element of volition may be present in both a condition as well as in a conditional limitation, yet, therein lies the basic difference between them. In the case of a condition, the volition is to terminate the lease. In the case of a conditional limitation, the volition is to exercise the right to avail oneself of the conditional limitation; after the exercise of the right, the lease expires regardless of any volition.” (14 Carmody-Wait, New York Practice, pp. 265-266.)
The test to distinguish between conditional limitation and condition subsequent seems to be not whether the termination is at the option of the landlord, but whether the lease evinces a clear intention that an event, even though its occurrence is optional with the landlord, shall, when it transpires, end the lease as if by its terms had been limited to that time.
In the case before us, we have a very close question as to whether or not it is a conditional limitation or a condition subsequent. It seems to the court however, upon an examination of the clause in question and the case law applicable to such situations that the clause involves a condition subsequent rather than a conditional limitation. Here, the happening of the breach of a covenant did not in and of itself cause the lease to expire as if the term had ceased. The landlord had the option to terminate, but only under certain conditions.
It has been held that summary proceedings to dispossess a tenant cannot be maintained on the ground that the tenant has violated a covenant to make repairs and that by reason of that violation the lease terminated, where it appears that under the terms of the lease the landlord was given an option to terminate *167 in case the tenant failed to make the repairs. The stipulation in the lease created a condition and not a conditional limitation which upon the nonperformance of the covenant effectually terminated the lease. The landlord’s remedy if any under the circumstances would be in ejectment. (Norman S. Riesenfeld, Inc., v. R-W Realty Co., 223 App. Div. 140.)
The Riesenfeld case was cited as controlling in Matter of Schafer v. Boysen (279 App. Div. 968).
One significant clause of the lease remains to be considered and it gives added weight to a holding that the clause in question is a condition subsequent and not a conditional limitation. It reads: “ provided, however, that there shall be no termination of this lease under the provisions of subdivision (ii) of the sub-paragraph if Tenant is in good faith attempting to remedy the default complained of and, in the exercise of due diligence by Tenant, such default cannot be remedied by Tenant within the 20 days referred to in such subdivision. In the event of the foregoing circumstances, the time within which Tenant may remedy the default complained of, shall be extended for such period as may reasonably be necessary to do so.”
It is clear that the volition of the landlord was thus made dependent upon a factual situation and the tenant retained some right and opportunity to prevent the expiration of the lease upon default continuing for 20 days.
The court wishes to express its appreciation to both counsel for their exhaustive briefs on the law.
The final order of the City Court of Utica dismissing the petition is affirmed and the appeal is dismissed, without costs.